LYRALISA STEVENS T-79267
Name and Prisoner Booking Number

900 QUEBEC AVE
Place of Confinement

CSATF P.O BOX 7100 E-5-112-L
Mailing Address

CORCORAN CA. 93212
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

LYRALISA LAVENA STEVENS
(Full Name of Plaintiff) Plaintiff,

v.

(1) JEFFREY BEARD
(Full Name of Defendant)
(2) CHRISTOPHER PODRATZ
(3) GODWIN UGWUEZE
(4) JOHN CHOY
Defendant(s).
☑ Check if there are additional Defendants and attach page 1-A listing them.

1:17-cv-1002-SAB (PC)

CASE NO. _____
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

RECEIVED
JUL 20 2017
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☑ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: CSATF CORCORAN

Revised 3/15/2016

1

## ADDITIONAL DEFENDANTS

KIM CORNISH
CLARENCE CRYER
FELIX IGBINOSA
ANTHONY ENENMOH
TRACHELLE HURTADO
RENEE KANAN
JEFFREY CARRICK
R. COFFIN

1-A

## B. DEFENDANTS

1. Name of first Defendant: __Dr. Jeffrey Beard__. The first Defendant is employed as: __SECRETARY - ADMINISTRATOR OF HEALTH CARE__ at __THE CALIFORNIA DEPARTMENT OF CORRECTIONS__.
   (Position and Title)                                              (Institution)

2. Name of second Defendant: __Christopher Podratz__. The second Defendant is employed as: __Region III HEALTH CARE EXECUTIVE__ at __THE CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES__.
   (Position and Title)                                              (Institution)

3. Name of third Defendant: __GODWIN ULWUEZE - M.D__. The third Defendant is employed as: __CHIEF MEDICAL EXECUTIVE__ at __SATF__.
   (Position and Title)                                              (Institution)

4. Name of fourth Defendant: __JOHN CHOY__. The fourth Defendant is employed as: __Chief of MENTAL HEALTH__ at __SATF__.
   (Position and Title)                                              (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☑ Yes   ☐ No

2. If yes, how many lawsuits have you filed? __2__. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: __LYRALISA STEVENS__ v. __MIKE KNOWLES / J. CLARK KELSO__
      2. Court and case number: __EASTERN DISTRICT 2:12 cv-00239-GEB KJN__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __YES, but its not still pending__

   b. Second prior lawsuit:
      1. Parties: __LYRALISA STEVENS__ v. __MIKE KNOWLES__
      2. Court and case number: __US COURT OF APPEALS 9TH CIR. CASE No. 1055009__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __It was dismissed.__

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

2

## B. DEFENDANTS

5. KIM CORNISH - SENIOR PSYCHOLOGIST - MENTAL HEALTH - CDCR
6. CLARENCE CRYER - CHIEF EXECUTIVE OFFICER - SATF
7. FELIX IGBINOSA - MD - REGIONAL MEDICAL EXECUTIVE - CDCR
8. ANTHONY ENENMOH - MD - REGIONAL MEDICAL EXECUTIVE - CDCR
9. TRACHELLE HURTADO - UM RN - SATF
10. RENEE KANAN - DEPUTY DIRECTOR, MEDICAL SERVICES SATF
11. JEFFREY CARRICK - M.D. - DEPUTY MEDICAL EXECUTIVE (A) UTILIZATION MANAGEMENT CDCR
12. SCOTT KERNAN - SECRETARY - BELIEVED TO BE REPLACING JEFFREY BEARD.
13. J. LEWIS - DEPUTY DIRECTOR OF POLICY AND RISK MANAGEMENT

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: <u>Defendants have failed to provide Plaintiff with medically necessary surgery which is a violation of the Eighth and Fourteenth Amendments of U.S. Const.</u>

2. **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☑ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   <u>Plaintiff LYRALISA STEVENS - seen in exhibits A-1, A-2 - is housed at CSATF STATE PRISON in Corcoran. LYRALISA is a pre-operative Transgendered female, who has repeatedly recieved recommendations for SEXUAL REASSIGNMENT SURGERY from her CDCR doctors, psychologists, and STATE APPOINTED SPECIALISTS. SEE EXHIBITS A-3 TO A-36. IN spite of such from 2007 to 2016 the Defendants have repeatedly created dilitory Hormonal Therapy Programs - that provided only hormones - without mentioning the medically necessary SRS - THAT would have allowed LYRALISAS DOCTORS to Administer SRS AT her PRE-OPERATIVE level of care, which would have placed LYRALISA at the prescribed-POST-OPERATIVE stage of completion. The same dilitory forms of denial can be seen in 602's the Defendants have answered from B1 to B34. The Title 15s section 3350.1 (b.2) says that Defendants provide Vaginoplasty to Cis-gender females - yet deny it to Transgender females. THEREFORE PLAINTIFF LYRALISA STEVENS ENTERS THIS EIGHTH AND FOURTEENTH AMENDMENT DELIBERATE MEDICAL INDIFFERENCE CLAIM, SEEKING PRELIMINARY INJUNCTION - ENJOINING DEFENDANTS TO PROVIDE HER SRS. (SEE SHILOH QUINE V JEFFREY BEARD 3:14 CV-02726-JST AUGUST 2015. ALSO Title 15 - AT EXHIBIT B-34.</u>

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   <u>Exhibit C1,2,3 - PLAINTIFFS DOCTOR FOREWARNED DEFENDANTS - That PLAINTIFFS BRAIN TUMOR WILL RETURN IF SRS IS NOT GIVEN TO HER. DEFENDANTS WILLFUL DISREGARD CAUSED A 7mm HYPOENHANCING NODULE WITHIN THE RIGHT ANTERIOR OF her PITUITARY GLAND. C 4, 5, 6, 7 AND 8.</u>

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☑ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim I? ☑ Yes ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level? ☑ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

## CLAIM II

1. State the constitutional or other federal civil right that was violated: **DEFENDANTS REFUSAL TO TRANSPORT PLAINTIFF TO HOSPITAL SURGICAL SPECIALIST CAUSED GLIOSIS IN HER BRAIN**.

2. **Claim II.** Identify the issue involved. Check only one. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☑ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   The development of Plaintiff LYRALISA STEVENS' Pituitary Adenoma, And her diagnosed case of Gliosis in exhibit C-4 is the direct result of The Defendants Unconstitutional Medical Health Care - as Stated in Brown v Plata 563 U.S. 131 S.CT. 1910 179 L.Ed 2d 969 (2011) - And in exhibit D-1 by executive Kris Hayes - stated for the record that the Defendants have displayed Malicious And Willful medical neglect toward Transgenders. This type of discrimination gives rise to EXCEPTIONALLY INJUROUS CIRCUMSTANCES for Plaintiff LYRALISA (SEE DISOMMA 951 F 2d 494-497 (2d Cir. 1991). Signatures validating denials of Plaintiffs Surgical Curatives - SRS - can be Seen on exhausted 602s throughout All exhibits marked B, And the many names of Medical staff - responsible for the final denial within the HUMC in exhibit B-16 - reveal they had Actual Knowledge of LYRALISAS medical condition And need for SRS prior To their cruel denial. Therefore they have displayed Actual Malice And a significantly culpable state of Mind. This is the appropriate state of mind requirement for Conditioned Cases like these - According to Farmer v Brennan U.S. 114 S.CT. at 1970, 1977 (1994)(1998) Wilson v Seiter 11 S Ct at 2326. The Supreme Court has held in Farmer v Brennan that in AN Eighth Amendment case - A prison official CAN be found reckless or deliberately indifferent if a prison official knows that their denials are objectively cruel to have caused more injury - yet fail to remedy them. William v Griffin 952 F 2d 820 826 (4TH CIR. 1991) Albert v Sheriff of Harris County Texas 937 F 2d 984 999 (5TH CIR 1991).

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Defendants 2008-2009-2010-2011-2012 denials of Plaintiff LYRALISAS Surgical Curative - Culminated into A diagnosed case of Gliosis in 2013 - SEEN IN EXHIBIT C-4.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☑ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim II? ☑ Yes ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level? ☑ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

## CLAIM III

1. State the constitutional or other federal civil right that was violated: <u>DEFENDANTS LACK OF DUE DILIGENCE FROM 2007-To 2013 resulted IN injury of Plaintiff-giving rise To A CAUSE of ACTIONABLE HARM</u>

2. **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☑ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☑ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

Injunctive relief shall be granted when there is no alternative form of relief due to deliberate indifference. Manifested by intentional Medical misconduct. Neglect, malpractice, composite of delays-And poor explainations - Plaintiff prays - will be deemed deliberate Indifference by this Court- pursuant To BATTISTA. 645 F 3d AT 455. ALSO LeMarbe v Wisneski 266 F 3d 429 440 (6TH CIR. 2001). (FAILURE TO MAKE A TIMELY REFERAL TO SURGICAL SPECIALIST. Therefore PLAINTIFF LYRALISA has Suffered A loss of health that CAN be readily proven To have been sustained due To the Defendants UNCONSTITUTIONAL MEDICAL HEALTH CARE habits, And for which the Plaintiff Should be CONpensated AS A MATTer of right. Such monetary compensation That the LAW AWARDS To victims like LYRALISA - who has been injured by the Action or inaction - failure To Act - of the Defendant is recompense for a legal wrong. Plaintiff respectfully requests A Searching Judicial review of her eligibility for Compensatory damages -which will hopefully include cost for all medical Treatment According to the Dr. HARRY BENJAMIN GUIDE LINES, for injuries, and Nominal DAMAGES for the Appointment of AN ATTorney - To speedily bring resolve in The intrest of JUDICIAL ECONOMY pursuant to Irish Lesbian & GAYORG v Giliani 143 F 3d 638-651 (2nd CIR. 1998). Since Defendants lack of due diligence - Plaintiff LYRALISA humbly requests the Court To grant her GROSS NEGLIGENCE RELIEF for their egregious failure To ACT. CLAIMING ACTIONABLE HARM - Plaintiff requests ANY Treble, EXEMPLARY, or GENERAL DAMAGES the Court may deem Appropriate pursuant to MURPHY v WALKER 51 F 3d 714,719 (7TH CIR 1995)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
CUTS AND BRASIONS ON PLAINTIFFs NOSE - Seen IN Medical record of exhibit D2, Satisfy physical injury requirements. (SEE GOMEZ v CHANDLER. D-3-To D-13 reveal Defendants willful disregard of PLAINTIFFS SAFETY - Until She is ATTACKED in Dorm-And Single Celled Afterwards

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☑ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim III?    ☑ Yes  ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level?    ☑ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

5

 

A-3

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# HEALTH CARE SERVICES
# PHYSICIAN REQUEST FOR SERVICES

(To be completed by requesting Physician and forwarded to Utilization Management Unit)

PATIENT NAME: Stevens, Lyralisa | CDC NUMBER: T 79267 | INSTITUTION: CMF / Y351L

DATE OF BIRTH: 1-29-69 | EPRD DATE: ~~ASAP~~ Life ~~cannot~~ | GENDER: Male

PRINCIPLE DIAGNOSIS: Transgender | ICD-9 CODE: ~~[illegible]~~ EPRD | CPT CODE(S):

REQUESTED SERVICE(S): TG clinic (UCD) | # OF DAYS RECOMMENDED:

*Please circle all that apply:* Diagnostic Procedure / **(Consultation)** | **(Outpatient)** / Inpatient | Initial / **(Follow-up)** *

Requested Treatment/Service is: EMERGENT URGENT **(ROUTINE)** (CMF ~~10/11~~ 09/10 211667)

*For the purpose of retrospective review,* if emergent or urgent, please justify:

Proposed Provider: Tele | Anticipated Length of Stay:

Expected disposition (i.e.: outpatient follow-up, return to institution, transfer):

Medical Necessity (*briefly describe the clinical situation; the history of the illness, treatments used, pertinent lab and imaging studies, or questions for the consultant*): Review Meds. Any reason Formulary meds can't be used.

Estimated time for service delivery, recovery, rehabilitation and follow-up:

Summary of preliminary or diagnostic work up, conservative treatment provided (if applicable, please provide TB code, CD4, viral load, albumin, total protein and dates within last 3 months):

Comments (diagrams, risk factors, prognosis, alternative management, etc.):

REQUESTING PHYSICIAN PRINTED NAME: Wiebe | APPROVED / AUTHORIZED / DENIED / DEFERRED BY | DATE

REQUESTING PHYSICIAN SIGNATURE: [signature] | DATE: 5-02-11 | Utilization management tracking #: CMF-1011-261596

DATE OF CONSULTATION: 7/6/11 Notes rec'd 07/07/2011 | PRINTED NAME OF CONSULTANT: Gwendolyn Rollins DS [illegible]

FINDINGS: Pt. was seen in Telemedicine (est. pt.) Transgender clinic c Dr. Prescott. Head to toe assessment done. Vital signs taken BP=90/60 T=98.7 O₂=98% P=97. Pt. has no complaints of pain/discomfort / discharges was mentioned by pt. Pt alert, awake and oriented x3.

RECOMMENDATIONS: Continue the same dose of the estrogen patches, two every 72 hours, spironolactone and Aspirin. PLS. SEE ATTACHED DICTATED NOTES re: Recommendation (sexual reassignment surgery) if covered by current insurance

FOLLOW-UP OR FURTHER EVALUATIONS REQUESTED: RTC PRN

L. Yuson, RN

| CONSULTANT SIGNATURE | DATE |
|---|---|
| ETA RN SIGNATURE: [signature] RN | DATE: 07/07/2011 |
| PCP SIGNATURE | DATE |

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

RECEIVED MAY 10

Attach Progress Note page for additional information.

THIS FORM MUST BE RETURNED WITH THE PATIENT!!!

DISTRIBUTION:
ORIGINAL - FILE IN UHR
GREEN - TO UHR PENDING ORIGINAL
CANARY - CONSULTANT
PINK - UM
GOLD - SPECIALTY SCHEDULER

EXHIBIT A [redacted]

Rec'd 5/10/11

CDC 7243 (Rev. 11/02)

SER 480

# HEALTH CARE SERVICES
# MEMORANDUM

| | |
|---|---|
| Date: | October 3, 2016 |
| To: | Christopher Podratz – Region III Healthcare Executive |
| | Godwin Ugwueze, MD – Chief Medical Executive SATF |
| | John Choy – Chief of Mental Health SATF |
| | Kim Cornish - Senior Psychologist Mental Health |
| | Clarence Cryer – Chief Executive Officer SATF |
| | Felix Igbinosa, MD – Regional Medical Executive |
| | Anthony Enenmoh, MD – Chief Physician & Surgeon SATF |
| | Trachelle Hurtado, UM RN SATF |
| | Renee Kanan – Deputy Director, Medical Services |
| From: | Jeffrey Carrick, MD- Deputy Medical Executive (A) Utilization Management |
| Subject: | **HEADQUARTERS UTILIZATION MANAGEMENT COMMITTEE DETERMINATION** |

The Headquarters Utilization Management Committee (HUMC) and Sex Reassignment Surgery Review Committee (SRSRC) reviewed the request for sex reassignment surgery for patient-inmate **Stevens, Lyralisa CDCR# T79267**.

HUMC pursuant to California Code of Regulations 15 CCR §3352.1 reviews cases that have been submitted for further consideration following institutional approval for otherwise excluded services, or reconsideration of services not approved by the institution. Title 15 of the California Code of Regulations excludes treatments in prison for conditions that are not medically necessary. Medical necessity means health care services that are determined by the attending physician to be reasonable and necessary to protect life prevent significant illness or disability or alleviate severe pain and are supported by health outcome data as being effective medical care. Disability is considered significant and pain is considered severe if the respective conditions cause a patient to suffer limitation of function or ability to perform the daily activities of life or may cause premature death. 15 CCR § 3350(b)(1)(5).

HUMC provides input to the team of physicians responsible for clinical care to assist in determination of medical necessity and to also evaluate risks and benefits of proposed services in order to promote safe medical care.

Upon review of this case, HUMC considered the extent to which the proposed service would protect life or pose a risk to life, and to what extent activities of daily living would be facilitated or impaired by the proposed service as described above. The SRSRC has determined that the current treatments for gender dysphoria provided to **Stevens, Lyralisa CDCR# T79267** does provide significant relief that is adequate and sufficient for her condition. Accordingly, the Sex Reassignment Surgery Review Committee recommends a finding of **"Not Approved"** for patient-inmate **Stevens'** request for sex reassignment surgery.

For the reasons set forth above the HUMC at its meeting on **October 3, 2016** made the decision to **not approve** the proposed service.

cc: Stevens, Lyralisa CDCR# T79267

**HEALTH CARE SERVICES**



B-16



**CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES**

California Substance Abuse Treatment Facility

| | |
|---|---|
| Name: | LYRALISA STEVENS |
| DOB: | 01/29/1969 |
| Exam Name: | MR BRAIN WO W CONT | 70553 |
| Referring Physician: | R. Scharffenberg, MD |

| | |
|---|---|
| Patient ID: | 11946166 |
| Secondary ID: | T79267 |
| Exam Date: | 11/05/2013 05:51 PM |

Exam: Brain MRI

Clinical history: Angioma excision. Followup.

Comparison: None

Findings: Multiplanar, multisequence T1, T2, and diffusion weighted MR imaging of the brain prior to and following gadolinium based contrast administration. There is left occipital postsurgical encephalomalacia with associated gliosis. The brain signal is otherwise unremarkable. There is no acute intracranial ischemia, mass effect, hydrocephalus, or hemorrhage. No suspicious focal enhancing lesion is identified. There is a 7 mm hypoenhancing nodule within the right anterior pituitary gland, possibly a microadenoma. The orbits are intact. The visualized paranasal sinuses and mastoid air cells are clear. The visualized peripheral soft tissues are unremarkable.

Impression:
1. Left occipital postsurgical encephalomalacia and chronic gliosis.
2. Hypoenhancing 7 mm pituitary nodule, possibly a microadenoma. Dedicated pituitary MRI is recommended.

Report Electronically Signed by: M Laurik MD
Report Electronically Signed on: 11/05/2013 06:17 PM

Received
NOV 26 2013
Medical Records

Received
NOV 15 2013
Medical Records

Received
NOV 25 2013
Medical Records



C-4

## E. REQUEST FOR RELIEF

State the relief you are seeking:

PLAINTIFF LYRALISA PRAYS That A PRELIMINARY INJUNCTION ENJOINING THE DEFENDANTS TO PROVIDE HER SRS, IS APPROPRIATE UNDER THE EQUAL PROTECTION CLAUSE, BASED ON HER EIGHTH AMENDMENT DELIBERATE MEDICAL INDIFFERENCE CLAIM. PLAINTIFF PRAYS THAT COMPENSATION FOR FACIAL INJURIES SUSTAINED - AND SHOWN IN MEDICAL RECORD OF EXHIBIT D-2 - WILL BE THE SURGICAL CURATIVE ADDITION OF RHINOPLASTY - AND FOR FACIAL INJURY PRIOR TO D-14 which finally led to requested Single Cell Previously denied - Full Face electrolysis prior to SURGICAL CORRECTION. LASTLY - PLAINTIFF PRAYS THAT COURT WILL AWARD OTHER DAMAGE AWARDS SOUGHT WHICH ARE APPROPRIATE.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___7·16·2017___
                  DATE

_____
SIGNATURE OF PLAINTIFF

by Clarence L. Hearns (K10567) Paralegal
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

Inmate's name (print) _LYRALISA STEVENS_
CDC number _T-79267_
Housing Unit (Yard, _E 5 112_ Building # _5_ )

## PROOF OF SERVICE BY MAIL

I UNDERSIGNED, CERTIFY THAT I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE. THAT I CAUSED TO BE SERVED A COPY OF THE FOLLOWING DOCUMENT:

LEGAL/CONFIDENTIAL MAIL ADDRESSED TO:

_UNITED STATES DISTRICT COURT_
_EASTERN DISTRICT OF CALIFORNIA_
_2500 TULARE STREET_
_FRESNO CA. 93721_

BY PLACING THE LEGAL/CONFIDENTIAL DOCUMENTS ON AN ENVELOPE, SEALING IT BEFORE A CORRECTIONAL OFFICER, AND LEAVING IT IN THE CUSTODY OF THAT SAME OFFICER AT CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY AND STATE PRISON TO BE MAILED VIA THE UNITED STATES MAIL.

THIS HAS BEEN EXECUTED ON (date)_____ AT CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY AND STATE PRISON ON _____ YARD.

I (Inmate print name & CDC number)_____ DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAW OF THE STATE OF CALIFORNIA THAT THE ABOVE STATEMENT IS TRUE AND CORRECT.

_____
SIGNATURE OF INMATE

_____
SIGNATURE OF HOUSING OFFICER

CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY AND STATE PRISON