UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYRALISA LAVENA STEVENS,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFREY BEARD, et al.,<br><br>    Defendants. | Case No.: 1:17-cv-01002-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT<br><br>[ECF No. 23] |

Plaintiff Lyralisa Lavena Stevens is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to dismiss, filed January 11, 2018.

**I.**

**RELEVANT HISTORY**

This action is proceeding against Defendants Jeffrey Beard, Christopher Podratz, Godwin Ugwueze, John Choy, Kim Cornish, Clarence Cryer, Felix Igbinosa, Anthony Enenmoh, Trachelle Hurtado, Renee Kanan, Jeffrey Carrick, Scott Kernan, J. Lewis, and R. Coffin for deliberate indifference to a serious medical need for failure to provide transgender surgery.

///

///

///

1

As previously stated, on January 11, 2018, Defendants filed a motion to dismiss, along with a separate request for judicial notice. (ECF Nos. 23, 24.) Plaintiff did not file an opposition and the time to do so has expired. Therefore, Defendants' motion is deemed submitted for review without oral argument. Local Rule 230(l).

## II.

## LEGAL STANDARD

A motion to dismiss, based on res judicata grounds, is properly made under Federal Rule of Civil Procedure 12(b)(1). Gupta v. Thai Airways Intern., Ltd., 487 F.3d 759, 763 (9th Cir. 2007). However, the court applies California law on claim preclusion to cases brought in federal court under 42 U.S.C. § 1983. "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." Allen v. McCurry, 449 U.S. 90, 96 (1980).

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter,

668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

## III.

## DISCUSSION

### A. Summary of Plaintiff's Complaint

Plaintiff is a male-to-female transgender inmate who alleges and contends that she was denied sex-reassignment surgery in violation of the Eighth Amendment.

Plaintiff has repeatedly received recommendations for sexual reassignment surgery from California Department of Corrections and Rehabilitation (CDCR) doctors, psychologists, and state appointed specialists. In spite of such recommendations, between 2007 and 2016 the Defendants have repeatedly created dilatory hormonal therapy programs that provide only hormones without the medically necessary surgery.

Plaintiff contends that her doctors warned Defendants that her brain tumor will return if she does not receive sex-reassignment surgery.

On October 3, 2016, Defendant Dr. Carrick (Deputy Medical Executive of Utilization Management at California Correctional Health Care Services) sent Defendants Podratz, Ugwueze, Choy, Cornish, Cryer, Igbinosa, Enenmoh, Hurtado, and Kanan, the Headquarters Utilization Management Committee determination letter which denied Plaintiff's request for sex-reassignment surgery because her current treatment for gender dysphoria provided significant relief and were adequate to treat her condition.

### B. Request for Judicial Notice

Defendants request the Court take judicial notice of the following records and documents:

1. Stevens v. Cate, No. 2:12-cv-0239 KJN P (E.D. Cal.), Amended Complaint, April 6, 2012, ECF No. 10 (Defs.' Ex. A);
2. In re Lyralisa Lavena Stevens, California Court of Appeals First Appellate District Division Two, No. A126466, Order, September 21, 2011 (Defs.' Ex. B);
3. In re Lyralisa Lavena Stevens, Supreme Court of California, No. S196925, Order, December 14, 2011 (Defs.' Ex. C);

3

4. California Correctional Health Care Services, Inmate Medical Services Policies & Procedures Homepage (Defs.' Ex. D);[1]

5. California Correctional Health Care Services, Volume 4, Medical Services, Chapter 26, Gender Dysphoria Management Policy (Defs.' Ex. E);[2] and

6. California Correctional Health Care Services/Division of Health Care Services Care Guide: Gender Dysphoria (Defs.' Ex. F);[3]

7. Supplement to California Correctional Health Care Services/Division of Health Care Services Care Guide: Gender Dysphoria – Guidelines for Review of Requests for Sex Reassignment Surgery (SRS) (May 24, 2016, Version) (Defs.' Ex. G.)[4]

(Req. for Jud. Not., ("RJN") Exs. A-F; ECF No. 24.)

Federal Rule of Evidence 201 permits the Court to take judicial notice at any time. A judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources who accuracy reasonably cannot be questioned. Fed. R. Evid. 201(b). Courts may take judicial notice of facts related to the case before it. Amphibious Partners, LLC v. Redman, 534 F.3d 1357, 1361-1362 (10th Cir. 2008) (district court was entitled to take judicial notice of its memorandum of order and judgment from previous case involving same parties). This Court may judicially notice the records and filing of other court proceedings. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Bennett v. Medtronic, Inc., 285 F.3d 801, 802 n.2 (9th Cir. 2002). This includes documents filed in state courts. Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).

///

///

---

[1] https://cchcs.ca.gov/policies/

[2] https:cchcs.ca.gov/wp-content/sites/60/2017/08/IMSPP-v04-ch.26.pdf

[3] https:cchcs.ca/gov/wp-content/sites/60/2017/08/Gender-Dysphoria-Care-Guide.pdf

[4] https://cchcs.ca.gov/wp-content/uploads/sites/60/2017/08.Guidelines-for-Review-of-Requests-for-Sex-Reassignment-Surgery-SRS.pdf.

The Court may take judicial notice of information on a government website when neither party disputes either the website's authenticity or the accuracy of the information displayed. See Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 999 (9th Cir. 2010 (taking judicial notice of school district's approved vendors publicly displayed on website); see also Paralyzed Veterans of Am. V. McPherson, No. C 06-4760 SBA, 2008 WL 4183981, at *5 (N.D. Cal. Sept. 9, 2008 (collecting cases). Here, Plaintiff does not contest the authenticity of the cited websites or the accuracy of the information presented. Accordingly, Defendants' request for judicial of Exhibits A through F is granted.

**C.     Motion to Dismiss**

Defendants first argue that because Plaintiff has previously litigated the same claims that she brings in this action against these same Defendants in a prior action, she is precluded from bringing the claims again in this action.

1.     Doctrine of Res Judicata

"The Federal Full Faith and Credit statute, 28 U.S.C. § 1738, requires federal courts to 'give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'" Gonzales v. Cal. Dept. of Corr., 739 F.3d 1226, 1230 (9th Cir. 2014) (quoting Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984)). "By precluding parties from contesting matters that they have had a full and fair opportunity to litigate," the doctrines of claim preclusion and issue preclusion "protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decision." Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (internal quotation marks and citation omitted). In determining the claim or issue preclusive effect of a state court judgment, the Court looks to the California standard. Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009); Intri-Plex Techs., Inc., v. Crest Group, Inc., 499 F.3d 1048, 1052 (9th Cir. 2007).

The doctrine of res judicata protects "litigants from the burden of relitigating an identical issue" and promotes "judicial economy by preventing needless litigation." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979). It "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001). Stated differently, "[c]laim preclusion, often referred to as res judicata,

bars any subsequent suit on claims that were raised or could have been raised in a prior action." Cell Therapeutics, Inc., v. Lash Group, Inc., 586 F.3d 1204, 1212 (9th Cir. 2009); accord Tahoe Sierra Preservation Council, Inc. v. Tahoe Reg. Planning Agency, 322 F.3d 1064, 1078 (9th Cir. 2003) ("Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action."). Res judicata applies to section 1983 actions. Clark v. Yosemite Community College Dist., 785 F.2d 781, 788 n.9 (9th Cir. 1986). Moreover, habeas proceedings can have preclusive effect in subsequent civil rights actions. Silverton v. Dep't of Treasury, 644 F.2d 1341, 1347 (9th Cir. 1981) (holding that state habeas proceedings can have issue or claim preclusive effect in subsequent § 1983 actions because the "mere difference in the form of relief" sought in the two actions is unimportant); Gonzales v. Cal. Dept. of Corr., 739 F.3d 1226, 1231 (9th Cir. 2014) (reasoned denials of California habeas petitions have claim preclusive effect).

The court applies the doctrine whenever there is: (1) a final judgment on the merits; (2) identity or privity between parties; and (3) an identity of claims. Tahoe-Sierra Preservation, 322 F.3d at 1077. These three elements constitute a successful res judicata defense. Id.

For the reasons explained below, the Court finds that this action and the state habeas action do not involve the same claims.

**a.     Final Judgment on the Merits**

Defendants submit that Plaintiff previously filed a § 1983 action entitled Stevens v. Cate, Case No. 2:12-cv-0239 GEB KJN P, 2013 WL 3772479 (E.D. Cal. July 16, 2013), in which she argued that the defendants violated her Eighth Amendment rights by failing to provide her with necessary medical care-namely, sex-reassignment surgery. (Defs.' Req. Jud. Ntc., Ex. A.) The court dismissed the action as barred by the doctrine of res judicata because Plaintiff had previously filed a state habeas action that was denied in, In re Lyralisa Lavena Stevens, Case No. A126466 (California Supreme Court, Fifth Appellate District, September 21, 2011), and Case No. S196925 (California Supreme Court, December 14, 2011), in which Plaintiff also sought sex-reassignment surgery. Stevens v. Cate, 2013 WL 3772479, at *4-7 (aff'd in Stevens v. Singh, 592 F. App'x 588, 589 (9th Cir. 2015); Defs.'

Req. Jud. Ntc., Exs. B-C.) The state court decisions are considered a final judgment on the merits. The Court next turns to identity of claims to see whether res judicata applies.

      **b.    Identity of Claims**

Courts "apply four criteria to decide whether there is an identity of claims: '(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.'" Harris v. County of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (quoting United States v. Liquidators of European Fed. Credit Bank, 630 F.3d 1139, 1150 (9th Cir. 2011)). "The fourth criterion is the most important," id. (citing Liquidators of European Fed. Credit Bank, 630 at 1151), and "[w]hether two suits arise out of the same transactional nucleus depends upon whether they are related to the same set of facts and whether they could conveniently be tried together," Turtle Island Restoration Network v. U.S. Dep't of State, 673 F.3d 914, 918 (9th Cir. 2012) (citing ProShipLine Inc. v. Aspen Infrastructures Ltd., 609 F.3d 960, 968 (9th Cir. 2010)) (internal quotation marks omitted). In most cases, "the inquiry into the 'same transactional nucleus of facts' is essentially the same as whether the claim could have been brought in the first action." Liquidators of European Fed. Credit Bank, 630 F.3d at 1151. A plaintiff need not bring every possible claim, but where claims arise from the same factual circumstances, the plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding. Id. (quotation marks omitted).

Defendants submit that Plaintiff is attempting to bring the same claim again, involving the same primary right in contending that Defendants violated her constitutional right to medical care by not providing her sex-reassignment surgery. The Court does not agree.

"The critical focus of primary rights analysis is the harm suffered." Brodheim, 584 F.3d at 1268. Plaintiff's state habeas petition did not, and could not, allege harm occurring after it was filed. This federal action is distinct because Plaintiff's harm occurred in 2016 "were caused at different times, by different acts, and by potentially different actors." Id. at 1268-1269. Indeed, the prior civil rights action filed in this Court entitled Stevens v. Cate, Case No. 2:12-cv-0239 GEB KJN P, the Court

found that there was identity of the claims because Plaintiff attached a copy of the state habeas petition to his civil rights complaint. Stevens, 2013 WL 3772479, at *4. Here, Plaintiff has attached a copy of the October 3, 2016 denial of SRS by the Headquarters Utilization Management Committee (HUMC) and Sex Reassignment Surgery Review Committee (SRSRC). (Compl. at 9.) Therefore, this action involves the 2016 decision and is not the same claim as that presented in the state court petition. In the state court petition the issue involved prior decisions in 2008 and 2010 in which Plaintiff was denied SRS. Because the Court finds that the decisions did not involve the same claim, the Court need not and will not determine whether there was identity and/or privity between the parties.

2. <u>Factual Linkage of Defendants' Alleged Misconduct</u>

Next, Defendants argue that Plaintiff named them in this action without alleging any facts linking their conduct to any alleged wrongdoing. Based on a review of the allegations in the complaint and attached exhibit it is reasonable to infer that each Defendant played some role in the decision to deny Plaintiff's surgery. Indeed, in his opposition, Plaintiff submits a description of each Defendants involvement in the decision to deny him surgery (Pl.'s Opp'n at 3-8),[5] and Defendants did not address this argument in their reply. Accordingly, the Court finds that, at the pleading stage, Plaintiff has sufficiently linked each Defendant to an affirmative act or omission giving rise to his claim for deliberate indifference.

3. <u>Failure to State a Cognizable Claim for Relief</u>

Defendants further argue that even if Plaintiff named the proper Defendants, her Eighth Amendment claim fails because it alleges only a mere disagreement with the course of treatment.

The Eighth Amendment of the United States Constitution entitles Plaintiff to medical care and is violated when a prison official acts with deliberate indifference to an inmate's serious medical needs. <u>Snow v. McDaniel</u>, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, <u>Peralta v. Dillard</u>, 744 F.3d 1076, 1082-83 (9th Cir. 2014); <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1122 (9th Cir. 2012); <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious

---

[5] References herein to page numbers are to the Court's ECF pagination headers.

medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

An inmate's gender dysphoria can constitute a serious medical need in which prison officials may not be deliberately indifferent without violating the Eighth Amendment. Rosati v. Igbinoso, 791 F.3d 1037, 1039-40 (9th Cir. 2015); see also Norsworthy v. Beard, 87 F.Supp.3d 1164, 1187 (N.D. Cal. 2015).

Based on Plaintiff's allegations in the complaint, the Court finds that Plaintiff has plausibly alleged more than a mere disagreement with the course of treatment. Plaintiff's allegations demonstrate that several medical experts have recommended SRS, yet in 2016 Defendants denied her SRS in conscious disregard of an excessive risk to her health despite the severity of her symptoms and psychological well-being. (Compl. at 5.) Further, Plaintiff correctly submits that Title 15 of the California Code of Regulations section 3350.1 provides vaginoplasty to cisgender female but not to transfer females, such as Plaintiff. (Id.)

9

In his opposition, Plaintiff makes several arguments relating to the denial of certain property and discrimination against transgender women in violation of the Fourteenth Amendment; however, in the operative screening order the Court found that Plaintiff stated a cognizable claim for only the denial of transgender surgery in violation of the Eighth Amendment. (ECF No. 10.) Plaintiff did not challenge the Court's screening order and the screening order controls. Plaintiff cannot expand or add new claims outside the scope of his complaint in an opposition filed in response to a motion to dismiss. Rather, at this juncture, Plaintiff must seek leave to amend the complaint in accordance with Rule 15(a) of the Federal Rules of Civil Procedure and Local Rule 137(c).

    4.  Injunctive Relief Claim Barred Under as Plata Class Member

Defendants contend that Plaintiff's claims of deliberate indifference and request for injunctive relief are barred because she is a class member in Plata v. Schwarzenegger, No. C-01-1351 TECH (N.D. Cal., filed May 14, 1990); Plata Stipulation ¶ 8; RJN Ex. H; see also Brown v. Plata, 563 U.S. 493, 507 (2011)). The Court does not find that Plaintiff's claim to be barred by Plata.

The Ninth Circuit has held that "[i]ndividual claims for injunctive relief related to medical treatment are discrete from the claims for systemic reform addressed in Plata." Pride v. Correa, 719 F.3d 1130, 1137 (9th Cir. 2013) ("[W]here a California prisoner brings an independent claim for injunctive relief solely on his own behalf for specific medical treatment denied to him, Plata does not bar the prisoner's claim for injunctive relief."). The Court in Correa noted that precluding a prisoner from proceeding on a claim for injunctive relief for individual medical care would lead to unwarranted delay. Id.

In this instance, Defendants fail to demonstrate that Plaintiff's claim for denial of SRS is duplicative of the relief sought in Plata. There is simply no evidence that Plaintiff's claim falls within the scope of the litigation in Plata. In fact, if Defendants' argument is accepted, California inmates would be prohibited from presenting an Eighth Amendment medical claims seeking equitable relief until the Plata class action was fully resolved. Such ruling would cause undue delay as noted in Correa. Accordingly, Defendants' argument that Plaintiff's Eighth Amendment claim is barred by Plata is rejected.

///

### 5. Qualified Immunity

Lastly, Defendants argue that they are entitled to qualified immunity. Defendants specifically argue that they are entitled to qualified immunity because the exhibits attached to Plaintiff's complaint show that the Headquarters Utilization Management Committee and the Sex Reassignment Surgery Review Committee considered Plaintiff's request for sex-reassignment surgery and determined that Plaintiff's current treatments for gender dysphoria provided significant relief that was adequate and sufficient for her condition.

Qualified immunity is "immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Mueller v. Auker, 576 F.3d 979, 993 (9th Cir. 2009) (citation and internal quotations omitted). Qualified immunity shields government officials from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably," Pearson v. Callahan, 555 U.S. 223, 231 (2009), and it protects "all but the plainly incompetent or those who knowingly violate the law," Malley v. Briggs, 475 U.S. 335, 341 (1986).

In resolving the claim of qualified immunity, the Court must determine whether, taken in the light most favorable to Plaintiff, Defendant's conduct violated a constitutional right, and if so, whether the right was clearly established. Saucier v. Katz, 533 U.S. 194, 201 (2001); Mueller, 576 F.3d at 993. While often beneficial to address in that order, the Court has discretion to address the two-step inquiry in the order it deems most suitable under the circumstances. Pearson, 555 U.S. at 236 (overruling holding in Saucier that the two-step inquiry must be conducted in that order, and the second step is reached only if the court first finds a constitutional violation); Mueller, 576 F.3d at 993-94.

As set forth above, Plaintiff alleges a cognizable claim for deliberate indifference against Defendants for denial of SRS. Defendants argue that they acted reasonably by basing their decision on legitimate medical opinions. This argument is premature at this stage of the proceedings. Accepting Plaintiff's allegations as true, as this Court must, no reasonable medical professional would

have believed that denying Plaintiff SRS in conscious disregard of an excessive risk to her health despite previous medical recommendations and physical well-being would be permissible under the Eighth Amendment. Whether the evidence will support Plaintiff's assertions is a question that cannot be resolved at this juncture. Although qualified immunity from suit should be resolved at the earliest stage possible, the Supreme Court has recognized that resolving qualified immunity based solely on the pleadings without the benefit of factual development of the record may be difficult. Pearson v. Callahan, 555 U.S. 223, 238-39 (2009); see also Morley v. Walker, 175 F.3d 756, 761 (9th Cir. 1999) (further factual development outside the complaint may be necessary to establish affirmative defense of qualified immunity); Moss v. U.S. Secret Service, 572 F.3d 962, 974-75 (9th Cir. 2009) (where extra-record evidence is proffered or required to determine the facts at hand, qualified immunity must be asserted in a summary judgment motion). Accordingly, Defendants have not demonstrated that they are entitled to qualified immunity.

## IV.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion to dismiss be denied in its entirety.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may

///
///
///
///
///
///
///

result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**May 2, 2018**__

UNITED STATES MAGISTRATE JUDGE