| | |
|---|---|
| LYRALISA LAVENA STEVENS,<br><br>                Plaintiff,<br><br>        v.<br><br>JEFFREY BEARD, et al.<br><br>                Defendants. | No.  1:17-cv-01002-JLT-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO MODIFY THE SCHEDULING ORDER<br><br>(ECF No. 81) |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to modify the scheduling order, filed July 11, 2024. (ECF No. 81.) More specifically, Defendants seek to extend the now-expired discovery deadline and deadline to file a dispositive motion.[1] (Id.) Defendants submit that a nunc pro tunc extension of the expired discovery deadline is warranted because (1) Plaintiff's deposition was properly noticed, one month in advance, but she failed to appear, (2) the delay in seeking the extension was due to an inadvertent calendaring error and is minimal, and (3) there is minimal prejudice to Plaintiff as no trial is scheduled and Defendants have acted in good faith in pursing discovery. (Id.) Based on Defendants' showing that the delay in seeking the current

---

[1] The discovery deadline expired on June 19, 2024. (ECF No. 78.)

1

extension of time was due to excusable neglect,[2] Defendants' motion to modify the scheduling order shall be granted.

Accordingly, it is HEREBY ORDERED that:

1. Defendants' motion to modify the scheduling order (ECF No. 81) is granted;
2. The discovery deadline is extended to **August 18, 2024**;
3. The dispositive motion deadline is extended to **October 28, 2024**; and
4. All other substantive provisions of the Court's October 19, 2023, scheduling order remain in effect.

IT IS SO ORDERED.

Dated:  **July 15, 2024**

UNITED STATES MAGISTRATE JUDGE

---

[2] "[T]he Supreme Court held in Pioneer that 'excusable neglect' covers negligence on the part of counsel." Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223 (9th Cir. 2000) (referring to Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993).)

2