1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   LYRALISA LAVENA STEVENS,                    No.  1:17-cv-01002-JLT-SAB (PC)

12                  Plaintiff,                    ORDER GRANTING DEFENDANTS'
                                                  MOTION TO COMPEL PLAINTIFF'S
13          v.                                    PARTICIPATION AT DEPOSITION AND
                                                  MOTION TO EXTEND DEADLINES
14   JEFFREY BEARD, et al.
                                                  (ECF No. 83)
15                  Defendants.

16

17          Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42

18   U.S.C. § 1983.

19          Currently before the Court is Defendants' motion to compel Plaintiff's participation at

20   deposition and to extend the discovery and dispositive motion deadlines, filed August 19, 2024.

21   (ECF No. 83.)

22                                              **I.**

23                                   **RELEVANT BACKGROUND**

24          This action is proceeding against Defendants Jeffrey Beard, Christopher Podratz, Godwin

25   Ugwueze, John Choy, Kim Cornish, Clarence Cryer, Felix Igbinosa, Anthony Enenmoh,

26   Trachelle Hurtado, Renee Kanan, Jeffrey Carrick, Scott Kernan, J. Lewis, and R. Coffin for

27   deliberate indifference to a serious medical need for failure to provide transgender surgery.

28   ///

                                                   1

1    Defendants filed an answer to the complaint on April 3, 2023.  (ECF No. 64.)

2    On October 18, 2023, an unsuccessful settlement conference was conducted.  (ECF No.

3    76.)

4    On October 19, 2023, the Court issued the discovery and scheduling order.  (ECF No. 78.)

5    On July 15, 2024, the Court granted Defendants' motion to modify the scheduling order

6    and extended the discovery and dispositive motions to August 18, 2024 and October 28, 2024,

7    respectively.  (ECF No. 82.)

8    On August 19, 2024, Defendants filed the instant motion to compel Plaintiff's

9    participation at deposition and to extend the discovery and dispositive motion deadlines.  (ECF

10   No. 83.)  Plaintiff has not filed an opposition and the time to do has passed.  Local Rule 230(l).

11   Accordingly, Defendants' motion is deemed submitted for review.  Id.

**II.**

**LEGAL STANDARD**

14   Defendants are entitled to conduct discovery, which includes the deposition of Plaintiff, to

15   obtain all information pertaining to the factual allegations, and legal claims and defenses at issue

16   in this action.  Fed. R. Civ. P. 26(b)(1) & 30.  Federal Rules of Civil Procedure 30(a)(2)(B) and

17   (b)(1) allow a party to depose a prisoner by oral examination if the party obtains leave of court

18   and gives other parties "reasonable written notice" of the time and place of the deposition and, if

19   known, the deponent's name and address.  "An objection at the time of the examination – whether

20   to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the

21   deposition, or to any other aspect of the deposition – must be noted on the record, but the

22   examination still proceeds." Fed. R. Civ. P. 30(c)(2).  Objections must be stated *concisely* in a

23   non-argumentative and non-suggestive manner.  Id.  The only authorized exceptions for a

24   deponent to not answer a question are "when necessary to preserve a privilege, to enforce a

25   limitation ordered by the court, or to present a motion under Rule 30(d)(3) [motion to terminate or

26   limit deposition]."

27   A failure to participate in discovery is in violation of Fed. R. Civ. P. 30 and 37.  Under

28   Rule 30(d)(2), the court may impose sanctions for impeding, delaying, or frustrating the fair

1    examination of the deponent.  Under Federal Rule of Civil Procedure 37, when an adverse party

2    fails to cooperate in discovery, the party seeking discovery may move to compel disclosure or

3    discovery. Fed. R. Civ. P. 37(a)(1).  In particular, this type of motion may be made if a deponent

4    fails to answer a deposition question: "[A]n evasive or incomplete disclosure, answer, or response

5    must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3)(B)(i) &

6    37(a)(4).  If the motion is granted and the deponent thereafter fails to comply with the court's

7    order to answer a deposition question, the failure may be treated as contempt of court and the

8    court may issue a variety of sanctions, including dismissal of the action. See Fed. R. Civ. P.

9    37(b).

10                                           **III.**

11                                      **DISCUSSION**

12             Defendants move to compel Plaintiff's participation at a deposition, and to extend fact

13   discovery by thirty (30) days from the date of the Court's order, and the deadline for dispositive

14   motions to (60) days from the date of the Court's order.

15             On May 3, 2024, defense counsel noticed Plaintiff's deposition for June 3, 2024 at 10:00

16   a.m. (Henkels Decl., ¶ 3.)  The notice was served by over-night mail. (Id.)  Defense counsel did

17   not receive any communication from Plaintiff between May 3 and May 30. (Id.)  On May 30,

18   defense counsel wrote Plaintiff, reminding Plaintiff of her upcoming deposition, and advising that

19   if the deposition needed to be rescheduled, to contact defense counsel. (Id. at ¶ 3, Ex. B.)

20   Between May 30 and June 3, defense counsel did not receive any communications from Plaintiff.

21   (Id. at ¶ 4.)  Plaintiff did not appear at the deposition. (Id.)  The following day, defense counsel

22   wrote to Plaintiff again, requesting that Plaintiff contact him immediately to reschedule. (Id., Ex.

23   C.)

24             Plaintiff contacted defense counsel on June 5, 2024 via email. (Henkels Decl., ¶ 4.)  The

25   parties agreed to reschedule the deposition, but were unable identify a new time and agreed they

26   would need to find a date after the close of discovery. On July 11, 2024, Defendants moved to

27   extend all discovery deadlines to allow for Plaintiff's deposition. (Henkels Decl., ¶ 5; ECF No.

28   81.) The Court granted Defendants' motion on July 15, 2024, and allowed the parties until

                                                3

1  August 19, 2024 to complete Plaintiff's deposition. (ECF No. 82; Fed. R. Civ. P. 6(a)(1).)

2      The parties agreed to Tuesday, August 13, 2024, and that the deposition would be

3  conducted via Zoom video-conferencing software. (Id.)  Defendants served proper notice.

4  (Henkels Decl. ¶ 6, Ex. C.)  Defendants coordinated the deposition through the Veritext Legal

5  Solutions, which uses Zoom video-conferencing software. (Id.)

6      On August 13, 2024, however, Plaintiff claimed she could not connect to the deposition

7  because "Veritext is heavily flawed" and that Defendants had promised that the deposition would

8  proceed via Zoom. (Id. at ¶ 7.)  Over electronic correspondence, Plaintiff "Object[ed] to the

9  flawed manner of these repeated proceedings with the flawed Company Veritext, with probable

10 cause to doubt the authenticity of this email." (Id.)  Defense counsel has never had similar

11 problems with Veritext Legal Solutions previously. (Id.) The parties discussed the matter over

12 the phone, and Defendants agreed to continue the deposition and to use a different legal services

13 provider to accommodate Plaintiff. (Id. at ¶ 8.)  The parties agreed to Thursday, August 15, 2024

14 at 10:30 a.m. for Plaintiff's deposition. (Id.)  And Defendants noticed and scheduled the

15 deposition using Trustpoint One Legal Services (TP One).  (Id.)

16     On August 15, 2024, Plaintiff appeared at her deposition, albeit 15 minutes, and when the

17 deposition officer asked her to raise her right hand for the oath, she refused.  (Henkels Decl. ¶

18 10.)  As reflected in the transcript, Plaintiff "refused to be first duly sworn," and stated that it was

19 her First Amendment right to do so. (Henkels Decl, Ex. E (Pl. Dep.), p. 4:1-23.)  The

20 deposition officer again asked Plaintiff to raise her right hand, and Plaintiff again refused. (Id. at

21 5:3-8.)  After some discussion, Plaintiff refused to take an oath that she would tell the truth, and

22 the deposition was suspended. (Id. at 5:16-6:22.)

23     Defendants are entitled to depose Plaintiff, within the parameters of the Federal Rules of

24 Civil Procedure and orders of the Court.  Fed. R. Civ. P. 30; ECF No. 78 at 2.  The Court finds

25 that Defendants have met their initial burden as the party moving for relief.  Fed. R. Civ. P. 37(a).

26 Plaintiff failed to respond to the motion and has not provided an adequate explanation for her

27 refusal to testify by way of deposition.

28 ///

1    Indeed, as the Plaintiff in this case, she voluntarily invoked the procedures of this Court.

2    Madrid v. De La Cruz, No. 1:18-cv-00947-DAD-EPG, 2019 WL 2994301, at *3 (E.D. Cal. July

3    9, 2019) (quoting Tene v. City and Cnty of San Francisco, No. C 00-03868 WHA, 2004 1465726

4    (N.D. Cal. May 12, 2004)).  Indeed, by filing suit, Plaintiff "assumed the responsibility of

5    proving through admissible evidence the serious allegations of [the] complaint." Tene, 2004 WL

6    1465726, at *8.  Defendants have a fundamental right to discovery and to effectively defend

7    themselves. Fed. R. Civ. P. 26, 30.  Plaintiff's blanket refusal to provide any testimony at her

8    deposition prejudices Defendants' ability to defend against this case and should not be tolerated.

9    See, e.g., Green v. CDCR, No. 2:14-cv-2854 TLN AC, 2018 WL 4963122, at *2 (E.D. Cal. Oct.

10   15, 2018) ("It would be fundamentally unfair and prejudicial to defendants to permit plaintiff to

11   continue to pursue this action without requiring his attendance and cooperation at his

12   deposition.")  Defendants have properly noticed Plaintiff's deposition, and have consistently tried

13   to accommodate her schedule and requests.  (Henkels Decl. ¶¶ 2-11.)  Then, when Plaintiff did

14   appear she refused to take the oath and provided no viable alternative to ensure her honest

15   testimony.  (Pl. Dep. 4:1-6:21.)

16   Since Defendants' ability to adequately defend Plaintiff's claim will be prejudiced without

17   Plaintiff's deposition testimony, she will be compelled to sit for a rescheduled and renoticed

18   deposition.  Because Defendants have now spent an inordinate amount of time and effort in

19   attempting to coordinate taking Plaintiff's deposition, the Court finds the most prudent approach

20   is to order Plaintiff to coordinate with defense counsel to appear in-person at the nearest Office of

21   the Attorney General to take Plaintiff's deposition remotely and prevent any potential technical

22   difficulties with the Zoom video-conferencing software.  Consequently, the Court finds good

23   cause to extend the discovery deadline for Defendants only and to take Plaintiff's deposition, file

24   any further motions to compel, and file a dispositive motion by 30 days, respectively.

25                                           **IV.**

26                                          **ORDER**

27   Based on the foregoing, it is HEREBY ORDERED that:

28        1.        Defendants' motion to compel Plaintiff's participate at deposition is GRANTED;

2.     Defendants shall reschedule and renotice Plaintiff's deposition at the nearest Office of the Attorney General for Plaintiff to appear in-person; and

3.     The discovery deadline is extended **November 1, 2024**, for Defendants only, and the dispositive motion deadline is extended to **December 2, 2024**.

IT IS SO ORDERED.

Dated:   **October 1, 2024**

_____
UNITED STATES MAGISTRATE JUDGE

6