UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYRALISA LAVENA STEVENS,<br><br>         Plaintiff,<br><br>    v.<br><br>JEFFREY BEARD, et al.<br><br>         Defendants. | No.  1:17-cv-01002-JLT-SAB (PC)<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO TAKING OF DEPOSITION<br><br>(ECF Nos. 85, 86) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

On October 7, 2024, Plaintiff filed a motion for the Court to take notice of Exhibits A-I to A-28, and objections to Defendants' motion to compel Plaintiff to participate in deposition.  (ECF Nos. 85, 86.)

On October 1, 2024, the Court granted Defendants' motion to compel Plaintiff's participation in her deposition and extended the discovery and dispositive motions deadlines. (ECF No. 84.)

Plaintiff now objects to Defendants' motion to compel her deposition arguing that she is being compelled to be a witness against himself and "Defendants have emailed malware to Plaintiff's computer to hinder [her] ability to respond, falsified material facts-thus committing INTRINSIC FRAUD, conspired with Vertez to change Plaintiff from a Plaintiff into a witness, amounting to EXTRINSIC FRAUD, violations of the CFAA-Title 18 U.S.C. § 1030."  (ECF No. 86 at 1-2.)  In support of her objections, Plaintiff has submitted numerous exhibits.  (ECF No. 85.)

Although Plaintiff argues that she will be compelled to be a witness against herself, as

1

stated in the Court's October 1, 2024, order, "Defendants are entitled to depose Plaintiff, within the parameters of the Federal Rules of Civil Procedure and orders of the Court. Fed. R. Civ. P. 30; ECF No. 78 at 2." (ECF No. 84 at 4.)  In addition, the Court has ordered that Plaintiff appear in-person at the nearest Office of the Attorney General in order to participate in the taking of her deposition to prevent any potential technical difficulties.  Further, Plaintiff has provided no valid evidence or argument that a violation of the CFAA took place.  "The CFAA was enacted in 1984 to enhance the government's ability to prosecute computer crimes [and] was originally designed to target hackers[.]" LVRC Holdings LLC v. Brekka, 581 F.3d 1127, 1130 (9th Cir. 2009) (citing 18 U.S.C. § 1030). "The CFAA prohibits a number of different computer crimes, the majority of which involve accessing computers without authorization or in excess of authorization, and then taking specified forbidden actions, ranging from obtaining information to damaging a computer or computer data." Id. at 1130.  The CFAA is a criminal statute which creates a limited right of action for private persons injured by such crimes. 18 U.S.C. § 1030(g). A private plaintiff must prove that the defendant violated one of the provisions of § 1030(a)(1)-(7), and that the violation involved at least one of five factors set forth by subclause in the statute. See LVRC Holdings LLC, 581 F.3d at 1131.  The plain language of the CFAA targets the access of computer information, rather than misuse or misappropriation. United States v. Nosal, 676 F.3d 854, 863 (9th Cir. 2012).  There is no valid evidence to support a finding that Defendants improperly accessed Plaintiff's computer information.

   Based on the foregoing, Plaintiff has provided no valid legal basis to refuse to be deposed and Plaintiff's objections are HEREBY OVERRULED.  Plaintiff is again reminded that she must participate in the taking of her deposition and the failure to do so may result in the imposition of sanctions, including dismissal of the action.  Fed. R. Civ. P. 37.

IT IS SO ORDERED.

Dated:   **October 10, 2024**                          _____
                                                      UNITED STATES MAGISTRATE JUDGE