UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYRALISA LAVENA STEVENS,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY BEARD, et al.<br><br>Defendants. | No. 1:17-cv-01002-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING TO GRANT DEFENDANTS' MOTION FOR TERMINATING SANCTIONS<br><br>(ECF No. 88) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion for terminating sanctions, filed November 25, 2024.

**I.**

**PROCEDURAL BACKGROUND**

This action is proceeding against Defendants Jeffrey Beard, Christopher Podratz, Godwin Ugwueze, John Choy, Kim Cornish, Clarence Cryer, Felix Igbinosa, Anthony Enenmoh, Trachelle Hurtado, Renee Kanan, Jeffrey Carrick, Scott Kernan, J. Lewis, and R. Coffin for deliberate indifference to a serious medical need for failure to provide transgender surgery.

Defendants filed an answer to the complaint on April 3, 2023. (ECF No. 64.)

///

1

1     On October 18, 2023, an unsuccessful settlement conference was conducted.  (ECF No.
2  76.)
3     On October 19, 2023, the Court issued the discovery and scheduling order.  (ECF No. 78.)
4     On July 15, 2024, the Court granted Defendants' motion to modify the scheduling order
5  and extended the discovery and dispositive motions to August 18, 2024 and October 28, 2024,
6  respectively.  (ECF No. 82.)
7     On August 19, 2024, Defendants filed a motion to compel Plaintiff's participation at
8  deposition and to extend the discovery and dispositive motion deadlines.  (ECF No. 83.)  Plaintiff
9  did not file an opposition.
10    On October 1, 2024, the Court granted Defendants' motion to compel Plaintiff's
11 participation in his deposition and extended the discovery and dispositive motions deadlines.
12 (ECF No. 84.)
13    On October 7, 2024, Plaintiff filed a motion for the Court to take notice of Exhibits A-I to
14 A-28, and objections to Defendants' motion to compel Plaintiff to participate in deposition.  (ECF
15 Nos. 85, 86.)
16    On October 10, 2024, the Court overruled Plaintiff's objections to taking his deposition.
17 (ECF No. 87.)
18    On November 25, 2024, Defendants filed the instant motion for terminating sanctions.
19 (ECF No. 88.)  Plaintiff has not filed an opposition and the time to do so has passed.  Local Rule
20 230(l).

## II.

## LEGAL STANDARD

23   Federal Rule of Civil Procedure 16 allows the court, on motion or its own, to "issue any
24 just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party ... fails to obey a
25 scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1), (f)(1)(C).  Federal Rule of Civil
26 Procedure provides that if a party "fails to obey an order to provide or permit discovery, including
27 an order under [Rule 37(a)], the court ... may issue further just orders[,]" including the sanction of
28 dismissal. Fed. R. Civ. P. 37(b)(2)(A)(v); Fed. R. Civ. P. 37(d)(1)(A) (permitting court to order

2

sanctions if a party fails to attend its own deposition).  Under Federal Rules of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).  The standards governing dismissal under Rules 41(b), 16(f), and 37(b)(2) are essentially the same. Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (holding that standards for Rules 16(f) and Rule 37(b)(2) are "basically the same"); Price v. McGlathery, 792 F.2d 472, 474 (5th Cir. 1986) (stating that same criteria apply to dismissals under Rules 41(b) and 16(f)). "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Malone, 833 F.2d at 130. It is preferred but not required that a district court make explicit findings to show that it has considered these factors.  Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).  These factors "are not a series of conditions precedent before the judge can do anything," but a "way for a district judge to think about what to do." Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a ... dismissal sanction. Thus[,] the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990); see also Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990).

### III.

### DISCUSSION

As background, Plaintiff Lyralisa Stevens is a transgender woman and former inmate with the California Department of Corrections and Rehabilitation (CDCR), who filed this action under 42 U.S.C. § 1983 on July 38, 2017. (ECF No. 1.) Plaintiff contends that CDCR violated her rights under the Eighth Amendment by failing to timely coordinate and provide her "sexual-

1  reassignment surgery" (also referred to as "gender-confirming surgery") while she remained in
2  custody. (ECF No. 1.)

3  On May 3, 2024, defense counsel noticed Plaintiff's deposition for June 3, 2024 at 10:00
4  a.m. (ECF No. 83, Henkels Decl., ¶ 3.) The notice was served by over-night mail. (Id.) Defense
5  counsel did not receive any communication from Plaintiff between May 3 and May 30. (Id.) On
6  May 30, defense counsel wrote Plaintiff, reminding Plaintiff of her upcoming deposition, and
7  advising that if the deposition needed to be rescheduled, to contact defense counsel. (Id. at ¶ 3,
8  Ex. B.) Between May 30 and June 3, defense counsel did not receive any communications from
9  Plaintiff. (Id. at ¶ 4.) Plaintiff did not appear at the deposition. (Id.) The following day, defense
10 counsel wrote to Plaintiff again, requesting that Plaintiff contact him immediately to reschedule.
11 (Id., Ex. C.)

12 Plaintiff contacted defense counsel on June 5, 2024 via email. (ECF No. 83, Henkels
13 Decl., ¶ 4.) The parties agreed to reschedule the deposition, but were unable identify a new time
14 and agreed they would need to find a date after the close of discovery. On July 11, 2024,
15 Defendants moved to extend all discovery deadlines to allow for Plaintiff's deposition. (ECF No.
16 81, Henkels Decl., ¶ 5.) The Court granted Defendants' motion on July 15, 2024, and allowed the
17 parties until August 19, 2024 to complete Plaintiff's deposition. (ECF No. 82; Fed. R. Civ. P.
18 6(a)(1).)

19 The parties agreed to Tuesday, August 13, 2024, and that the deposition would be
20 conducted via Zoom video-conferencing software. (Id.) Defendants served proper notice.
21 (Henkels Decl. ¶ 6, Ex. C.) Defendants coordinated the deposition through the Veritext Legal
22 Solutions, which uses Zoom video-conferencing software. (Id.)

23 On August 13, 2024, however, Plaintiff claimed she could not connect to the deposition
24 because "Veritext is heavily flawed" and that Defendants had promised that the deposition would
25 proceed via Zoom. (Id. at ¶ 7.) Over electronic correspondence, Plaintiff "Object[ed] to the
26 flawed manner of these repeated proceedings with the flawed Company Veritex, with probable
27 cause to doubt the authenticity of this email." (Id.) Defense counsel has never had similar
28 problems with Veritext Legal Solutions previously. (Id.) The parties discussed the matter over

the phone, and Defendants agreed to continue the deposition and to use a different legal services provider to accommodate Plaintiff. (Id. at ¶ 8.) The parties agreed to Thursday, August 15, 2024 at 10:30 a.m. for Plaintiff's deposition. (Id.) And Defendants noticed and scheduled the deposition using Trustpoint One Legal Services (TP One). (Id.)

On August 15, 2024, Plaintiff appeared at her deposition, albeit 15 minutes, and when the deposition officer asked her to raise her right hand for the oath, she refused. (ECF No. 83, Henkels Decl. ¶ 10.) As reflected in the transcript, Plaintiff "refused to be first duly sworn," and stated that it was her First Amendment right to do so. (Henkels Decl, Ex. E (Pl. Dep.), p. 4:1-23.) The deposition officer again asked Plaintiff to raise her right hand, and Plaintiff again refused. (Id. at 5:3-8.) After some discussion, Plaintiff refused to take an oath that she would tell the truth, and the deposition was suspended. (Id. at 5:16-6:22.)

On August 19, 2024, Defendants filed a motion to compel Plaintiff's participation at deposition. (ECF No. 83.)

On October 1, 2024, the Court granted Defendants' motion to compel Plaintiff's participate at deposition. (ECF No. 84.)

On October 7, 2024, Plaintiff filed a motion for the Court to take notice of Exhibits A-I to A-28, and objections to Defendants' motion to compel Plaintiff to participate in deposition. (ECF Nos. 85, 86.)

On October 10, 2024, the Court overruled Plaintiff's objections to taking his deposition, and reminded her "that she must participate in the taking of her deposition and the failure to do so may result in the imposition of sanctions, including dismissal of the action. Fed. R. Civ. P. 37." (ECF No. 87 at 2.) The Court reminded Plaintiff that she voluntarily invoked the procedures of the Court when she filed her complaint, and that she thus "assumed the responsibility of providing through admission evidence the serious allegations of [the] complaint." (Id. at 4, citing Tene v. City and County of San Francisco, No. C 00-03868 WHA, 2004 1465726 (N.D. Cal. May 12, 2004.) Plaintiff was admonished her refusals to provide testimony prejudiced Defendants, and that her refusal would not be tolerated. (Id.) The Court therefore directed Plaintiff to participate in her deposition, and to attend the deposition in person. (Id. at 5-6.) The Court also

1  directed Defendants to reschedule and re-notice Plaintiff's deposition at the nearest Office of the
2  Attorney General for Plaintiff to appear in-person. (Id.) The Court extended its deadlines once
3  more, and provided Defendants until November 1, 2024 to complete the deposition. (Id.)
4       Defendants submit that the closest office for the California Attorney General is located in
5  San Diego, California. (Henkels Decl. ¶ 17, ECF No. 88.) Defendants re-scheduled and re-noticed
6  Plaintiff's deposition for Wednesday, October 30, 2024 at the Office of the California Attorney
7  General in San Diego, California. (Id.) Counsel for Defendants lives in Oakland, California, but
8  thought it best to attend the deposition in person as well. (Id. at ¶ 18.) He thus purchased and
9  coordinated travel accommodations. (Id.)
10       Plaintiff confirmed she received proper notice of the deposition. (Henkels Decl. ¶¶ 18-20,
11  ECF No. 88.) Counsel emailed her on Monday, October 28, 2024, to remind Plaintiff that the
12  deposition was to occur on October 30, 2024 in San Diego, California, and he would be available
13  should she have any questions or concerns. (Id.) Plaintiff responded just eight minutes later. (Id.)
14  In her response, Plaintiff confirmed that she had received the Notice of Deposition, but that she
15  thought the Court Order to be without merit: "I received your notice," she wrote, "and shall reply
16  to the court's erroneous order." (Id. at ¶ 20.) Plaintiff, however, did not identify how she intended
17  to reply, or on what basis, and has not filed anything with the Court since. (Id. at 20-21.)
18       Plaintiff did not inform Defendants she would not appear at her deposition, and the Court
19  had not relieved Plaintiff of her obligations. (Henkels Decl, ¶ 21, ECF No. 88.) Defendants thus
20  proceeded with the deposition. (Id.) Both defense counsel and the court reporter arrived at the
21  conference room early, but they did not hear anything from Plaintiff. (Id.)
22       Plaintiff did not appear at her deposition on October 30, 2024. (Id. at ¶ 22.)
23       The Court now moves to weighing of the following five factors relevant to whether this
24  action should be dismissed: "(1) the public's interest in the expeditious resolution of litigation; (2)
25  the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
26  policy favoring disposition of cases on their merits; and (5) the availability of less drastic
27  sanctions." Henderson, 779 F.2d at 1423.
28  ///

**A.     The First and Second Factors Weigh in Favor of Dismissal**

Defendants argue that the first and second factors weigh in favor of dismissal for the following reasons because Plaintiff violated a court order.

The Court agrees with Defendants. Plaintiff has failed to abide by the Court's discovery orders and failed to participate in two properly noticed depositions. Plaintiff's refusal to participation in deposition delayed the litigation, as the Court modified the discovery and scheduling order to extend the deadline to take Plaintiff's deposition. (ECF No. 82.) In addition, Plaintiff's failure to connect to her deposition on August 13, 2024, and her refusal to participate in her August 15, 2024 deposition, required the Court to issue an extensive order compelling Plaintiff's participation and extending discovery deadlines once more. (ECF Nos. 82, 83.) Plaintiff filed objections, and the Court affirmed its order on October 10, 2024. (ECF No. 87.) But even after the Court issued two orders, and after having received proper notice of her deposition, Plaintiff simply disregarded the Court's orders. It is Plaintiff's responsibility to ensure that this case proceeds in an efficient and timely manner. Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). However, Plaintiff failed to appear for her October 30, 2024 deposition, yet again impending the process of this case.

**B.     The Third Factor Weighs in Favor of Dismissal**

The Court is to next weigh the risk of prejudice to the Defendants. Henderson, 779 F.2d at 1423. "In determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Malone, 833 F.2d at 131 (finding failure to comply with pretrial order more than 30 days before trial date was "no doubt...[a] last-minute notification of her decision not to comply with the pretrial order [and] had a prejudicial effect on the Government."). The Ninth Circuit has stated "where a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case-dispositive sanctions, so 3 and 5, prejudice and availability of less drastic sanctions, are decisive." Valley Engineers Inc., 158 F.3d at 1057.

Defendants argue they have been prejudiced given Plaintiff 's refusal to attend and cooperate with her deposition and answer questions regarding her claims. The Court agrees.

Defendants have been prejudiced because they cannot defend against Plaintiff's lawsuit without the ability to learn additional facts regarding Plaintiff's claims, investigate Plaintiff's claimed injuries, and discover the facts which may support potential defenses. (ECF No. 85, Burns Decl. ¶ 5); see also Kirkelie v. Thissell, No. 115CV00735DADSABPC, 2018 WL 1272227, at *2 (E.D. Cal. Mar. 9, 2018) ("Defendants have suffered prejudice due to Plaintiff's failure to respond to discovery requests [as] [t]he failure to obtain discovery information significantly impairs the Defendants' ability to go to trial and to determine whether Plaintiff has adequately exhausted administrative remedies and to make rightful and informed decisions as to whether this affirmative defense should be explored [and the] failure to respond to discovery has created an unreasonable delay, which in turns creates a presumption of prejudice [while] the additional efforts to obtain discovery responses required Defendants to incur expenses that would not otherwise have been incurred had Plaintiff responsibility cooperated."); Adriana Intern. Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990) (finding the repeated failure to appear at scheduled depositions compounded by refusal to comply with court-ordered production of documents constituted interference with the rightful decision of the case, and therefore prejudice was established). Defendants have also been "prejudiced by the cost of repeatedly preparing for and attempting to depose Plaintiff, and for being forced to file several requests and motions before the court. (See, e.g., Henkels Decl., ¶¶ 2-23.) In addition to attorney fees, Defendant incurred $860.85 in court-reporter fees for the June 3, 3034 deposition. (Id. at ¶ 25.) They incurred $725.00 for the August 13, 2024 deposition. (Id.) And Defendants incurred $903.75 in court-reporter costs, $60.50 for a rental car, and $286.48 in airfare for the October 30, 2024 deposition. (Id.) In total, and without calculating attorney fees, Defendants incurred $3,701.58 as a result of Plaintiff's continued refusal to participate in her deposition. (Id.)" (ECF No. 88 at14-15.) Lastly, Plaintiff's conduct continues to cause further delay in this action, which is more than seven years old, and additional delay can lead to employee turnover, memory loss, and other similar losses of evidence causing prejudice to Defendants. Accordingly, this factor weighs in favor of dismissal.

///

### C. The Fourth Factor Weighs in Favor of Dismissal

The Court is to next weigh the public policy favoring disposition of cases on their merits. Henderson, 779 F.2d at 1423. As Defendants acknowledge, the public policy favoring merit-based dismissals essentially always weighs against terminating sanctions. See, e.g., Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal."). However, this factor is not dispositive. See, e.g., In re Eisen, 31 F.3d 1447, 1454 (9th Cir. 1994) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics...[plaintiff] certainly has not fulfilled his responsibility [and] [t]hus, the public policy favoring the resolution of disputes on their merits does not outweigh [the] four-year delay or the prejudice suffered.") (internal quotation marks and citations omitted).

Plaintiff's failure to comply with the Court's order to appear for and submit to an oral deposition stalls the resolution of the case on the merits, which weighs against Plaintiff being able to avail herself of the benefits of the public policy. Even if this factor weighs against dismissal, as explained herein, on balance, the totality of the circumstances and the other factors weigh in favor of dismissal of the action. See In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006) ("We have often said that the public policy favoring disposition of cases on their merits strongly counsels against dismissal...[but] [a]t the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits [and] [t]hus, we have also recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction.") (internal citations omitted).

### D. The Fifth Factor Weighs in Favor of Dismissal

The Court is to next weigh the availability of less drastic sanctions. Henderson, 779 F.2d at 1423. "The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Id. at 1424; but see

1  Malone, 833 F.2d at 132 ("We have indicated a preference for explicit discussion by the district
2  court of the feasibility of alternatives when ordering dismissal...However, we have never held that
3  explicit discussion of alternatives is necessary for an order of dismissal to be upheld [and] [u]nder
4  the egregious circumstances present here, where the plaintiff has purposefully and defiantly
5  violated a court order, it is unnecessary (although still helpful) for a district court to discuss why
6  alternatives to dismissal are infeasible."). "Moreover, explicit discussion of alternatives is
7  unnecessary if the district court actually tries alternatives before employing the ultimate sanction
8  of dismissal." Malone, 833 F.2d at 132. "Finally, the case law suggests that warning a plaintiff
9  that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of
10 alternatives' requirement." Id. (collecting cases).

11         Here, Plaintiff was given amble accommodations and ability to comply the taking of her
12 deposition.  After Plaintiff failed to appear at the first noticed deposition, Defendants
13 accommodated Plaintiff's schedule for a new date. (Henkels Decl. ¶¶ 7-9.)  However, Plaintiff
14 then demanded that Defendants may only ask questions without any oath or affirmation that she
15 would tell the truth.  (Id.)  When the Court overruled Plaintiff's objection to the order to appear at
16 her deposition in person, the Court reminded Plaintiff that of her obligation to appear and
17 participate in the taking of her deposition, and "the failure to do so may result in the imposition of
18 sanctions, including dismissal of the action." (ECF No. 87 at 3.)

19         Nonetheless, despite the efforts to accommodate Plaintiff and two explicit court orders,
20 Plaintiff yet again failed to comply with her obligations to participate in her deposition.  Instead,
21 Plaintiff disregarded her obligation and told Defendants she received notice, "and shall reply to
22 the court's erroneous order."  (Henkels Decl. ¶¶ 20-22.)   Thereafter, Plaintiff did not attend her
23 deposition and did not contact Defendants about her decision. (Id.) She also did not file a reply to
24 the Court's order, as she claimed she would. (Id.)  Plaintiff is also proceeding in forma pauperis,
25 and thus monetary sanctions are not a viable alternative. See Jenkins v. Biter, 13-cv-02724 VBF
26 (RZ), 2014 WL 11742143, *2 (C.D. Cal. 2014) (concluding same and compiling cases reaching
27 similar conclusion). Additionally, the Court finds other alternatives to not be a feasible remedy at
28 this point. As evidenced by the record in this case, Plaintiff's inaction and failure to abide by her

discovery obligations demonstrate she has abandoned this litigation and it is reasonable to dismiss the action, in lieu of lesser sanctions. Accordingly, this factor weighs in favor of dismissal.

### E.  The Factors Collectively Weigh in Favor of Dismissal

In sum, the five factors favor dismissal in this case. Plaintiff has failed to appear for her depositions and has ignored the Court's prior orders to submit for a deposition despite the warning of potential dismissal for failure to comply, and lesser sanctions are not available. Accordingly, dismissal, with prejudice, is justified. See Pagtalunan, 291 F.3d at 643 (affirming district court's dismissal where three factors weighed in favor of dismissal, and two factors weighed against dismissal); Scott v. Belmares, No. CV99-12458GAF(AJW), 2008 WL 2596764, at *7 (C.D. Cal. Apr. 30, 2008) ("The five-factor test is a disjunctive balancing test, so not all five factors must support dismissal...[f]our of the five factors strongly support dismissal in this case...the record supports the conclusion that plaintiff's noncompliance with court rules and orders was willful and unjustified [and thus] [t]he terminating sanction of dismissal with prejudice is warranted under Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure and this court's Local Rules."), report and recommendation adopted, No. CV99-12458GAF(AJW), 2008 WL 2596659 (C.D. Cal. June 27, 2008), aff'd, 328 F. App'x 538 (9th Cir. 2009).

## IV.
## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion for terminating sanctions be GRANTED; and
2. The instant action be dismissed, with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court, limited to 15 pages in length, including exhibits. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39

1  (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 24, 2025**

STANLEY A. BOONE
United States Magistrate Judge